# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>ALEXANDER GREAUX-GOMEZ,<br><br>**Defendant**. | **Criminal No.** 17-149 (FAB) |

## OPINION AND ORDER

BESOSA, District Judge.

Before the Court is defendant Alexander Greaux-Gomez ("Greaux")'s motion to dismiss count three of the indictment charging him with transporting a minor with intent to engage in sexual acts in violation of 18 U.S.C. § 2423(a). (Docket No. 23.) For the reasons set forth below, the Court **DENIES** defendant Greaux's motion to dismiss.

## I. Relevant Background

On March 8, 2017 a federal grand jury returned an indictment charging defendant Greaux with, *inter alia*, violating 18 U.S.C. § 2423(a) (section 2423). (Docket No. 14.) The indictment alleges that from October 2016 through December, 2016 defendant Greaux transported a minor female from a sports school in Salinas, Puerto Rico to a residence in Cidra, Puerto Rico to engage in sexual activity. (Docket No. 14.) Defendant Greaux asserts that the

conduct alleged in the indictment falls outside the scope of section 2423 because defendant Greaux is charged with transporting a minor female within the Commonwealth of Puerto Rico, not between Puerto Rico and another state, territory, or other jurisdiction. (Docket No. 23 at p. 3).[1]

## II. Motion to Dismiss Standard

Defendant moves to dismiss the indictment for failure to state an offense pursuant to Rule 12 of the Federal Rules of Criminal Procedure.[2] An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7. When considering a motion to dismiss an indictment, courts "must take the allegations in the indictment as true," and must be mindful that "the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense." United States v. Ngige, 780 F.3d 497, 502 (1st Cir. 2015) (citation omitted). "[I]t is generally sufficient that an indictment set

---

[1] The government responded to the motion to dismiss. (Docket No. 29.)

[2] In the motion to dismiss, defendant Greaux invokes Federal Rule of Criminal Procedure 12(b)(3), alleging that the indictment fails to state an offense. (Docket No. 23 at p. 1.) Federal Rule of Criminal Procedure 12(b)(3), however, pertains to a lack of specificity in the indictment. Accordingly, the Court will analyze the motion to dismiss pursuant to Federal Rule of Criminal Procedure 12(b)(5), which concerns dismissal for failure to state an offense.

forth the offense in the words of the statute itself as long as those words set forth all the elements of the offense without any uncertainty or ambiguity." United States v. Brown, 295 F.3d 152, 154 (1st Cir. 2002) (internal quotation marks and citation omitted).

**III. Discussion**

Defendant Greaux predicates his motion to dismiss on an erroneous interpretation of precedent from the Supreme Court and Federal circuit courts of appeals. Defendant challenges the validity of the section 2423 count on the basis that the alleged transportation occurred exclusively within Puerto Rico. (Docket No. 23.) Section 2423, also known as the Mann Act, states that:

> "Any person who knowingly transports an individual who has not attained the age of 18 years in interstate of foreign commerce, **or in any commonwealth, territory or possession of the United States**, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life."

18 U.S.C. § 2423(a) (emphasis added). Although section 2423 includes the word "commonwealth," defendant argues that "there is no justifiable basis to sustain that Puerto Rico has to be treated differently [than a state] in regard to the application of § 423(a)." (Docket No. 23 at p. 14.) Consequently, defendant contends that the transportation element of section 2423 is lacking

because the indictment "fails to allege the necessary element that the individual charged with said offense crossed state lines or borders as a matter of fact." (Docket No. 23 at p. 3.) The Court disagrees.

Defendant relies on precedent from sister circuits, arguing that the "prohibited conduct" set forth in section 2423 "occurs when a person knowingly transports another individual, who has not attained the age of 18 years, in interstate or foreign commerce." (Docket No. 23 at p. 4.) This statement is correct. Defendant Greaux, however, presents a false dichotomy: because the interstate transportation of minors satisfies the transportation element of section 2423, the intra-Commonwealth transportation of minors does not. For instance, defendant Greaux cites United States v. Vargas-Cordon, 733 F.3d 366 (2d Cir. 2013), to support the proposition that the government must prove that defendant "knowingly transported a minor across state lines." Id. The case before the Court, however, is distinguishable from Vargas-Cordon. In Vargas-Cordon, the federal grand jury indicted defendant with transporting a minor from Guatemala to New York to engage in sexual acts, not within the Commonwealth of Puerto Rico. 733 F.3d at 372.

Defendant offers additional authorities, none of which have any bearing as to whether the intra-Commonwealth transportation of

Criminal No. 17-149 (FAB)                                          5

minors to engage in sexual activity violates section 2423(a).  See United States v. Bredimus, 352 F.3d 200 (5th Cir. 2003) (defendant convicted of traveling from the United States to Thailand to engage in sexual acts with minors pursuant to section 2423(b), not section 2423(a)); United States v. Chambers, 441 F.3d 438 (6th Cir. 2006) (interstate transportation of a minor between Kentucky and Ohio to engage in sexual acts); United States v. McGuire, 627 F.3d 622 (defendant convicted of interstate travel to engage in sexual acts with a minor pursuant section 2423(b), not section 2423(a)); United States v. Scisum, 32 F.3d 1479 (10th Cir. 1994) (defendant convicted of interstate transportation of a minor between Washington and Utah to engage in sexual activity).  At bottom, defendant Greaux's reliance on sister circuit precedents establishes only that crossing state lines with a minor is sufficient, but not necessary, to satisfy the transportation element set forth in section 2423.

Defendant further misunderstands precedent in suggesting that United States v. Maldonado-Burgos, 844 F.3d 339 (1st Cir. 2016) compels the Court to grant him the relief he seeks.  In Maldonado-Burgos, the First Circuit Court of Appeals examined whether "Puerto Rico is a 'Territory or Possession of the United States'," concluding that "we should treat Puerto Rico as a state or a territory for purposes of § 2421(a)."  844 F.3d at 339-346.  After

reviewing congressional intent regarding the Mann Act in addition to the legal status of Puerto Rico throughout the twentieth-century, the First Circuit Court of Appeals concluded that "§ 2421(a) does not apply to transportation that occurs solely within Puerto Rico." Maldonado-Burgos, 844 F.3d at 340.

Nothing in Maldonado-Burgos undermines the premise that section 2423 prohibits the transportation of minors "in any commonwealth, territory, or possession" including transportation occurring exclusively within Puerto Rico. See United States v. Montijo-Maisonet, Case No. 16-242 (FAB), 2017 U.S. Dist. LEXIS, at *4 (D.P.R. June 2, 2017) (Besosa, J.) (denying motion to dismiss on identical grounds); United States v. Lebron-Caceres, 157 F. Supp. 3d 80, 83 (D.P.R. 2016) (Delgado-Hernandez, J.) (observing that "Section 2423(a) explicitly applies to intra-commonwealth transportation."); United States v. Mercado-Flores, 124 F. Supp. 3d 55, 57 (D.P.R. 2015) (Gelpi, J.) ("[S]ection 2423(a) clearly indicates that the same applies to intra-state activities within 'any commonwealth territory or possession of the United States' and section 2421 indicates that it applies to intra-state activities within only within [*sic*] 'any territory, or possession of the United States.'").

Moreover, it is inappropriate to equate sections 2423 and 2421 of the Mann Act. In 1998, Congress amended section 2423, not

section 2421, to include the term "commonwealth," which criminalized explicitly the intra-commonwealth transportation of minors to engage in sexual acts. See Lebron-Caceres, 157 F. Supp. 3d at 83. Accordingly, the Court rejects the proposition that "one of the necessary elements of the offense, per § 2423(a), is that the individual commits the *actus reus* of actually crossing a state line." (Docket No. 23 at p. 6.) In addition to inter-state transportation, intra-Commonwealth transportation falls within the scope of section 2423. Driving a minor from one location to another within Puerto Rico to engage in sexual acts, as alleged in the indictment, sets forth sufficiently the transportation element of section 2423.

Defendant Greaux's reliance on United States v. Beach, 324 U.S. 193 (1945), and Crespo v. United States, 151 F.2d. 44 (1st Cir. 1945), is equally misguided. In Beach, the Supreme Court held that the transportation of women within the District of Columbia to engage in prostitution satisfied the statutory requirements of the Mann Act. 324 U.S. 193, 195 (1945) ("Congress, thus, through the exercise of its police power over the District, followed its usual policy of extending legislation based on the commerce power to the same substantive acts taking place wholly within the District."). Subsequently, the First Circuit Court of Appeals relied on Beach in holding that "[i]t cannot be doubted

that the [Mann] Act applies to transportation wholly within Puerto Rico." Crespo v. United States, 151 F.2d 44, 45 (1st Cir. 1945).

Defendant Greaux contends that Beach and Crespo are no longer binding "insofar as it concerns to Puerto Rico," because "both cases were decided in 1945, when Puerto Rico was still a territory or possession of the U.S., and before the adoption of the Constitution of Puerto Rico in 1952." (Docket No. 23 at p. 7.) The Court disagrees. Crespo is, indeed, binding authority. See United States v. Carrasquillo-Peñaloza, Case No. 12-728 (PG), 2013 U.S. Dist. LEXIS 53383, at *6 (D.P.R. Apr. 10, 2013) (Perez-Gimenez, J.) (holding that Crespo serves as binding authority and that "transportation across state lines is not an essential element for a conviction under 18 U.S.C. 2413(a) from acts that take place wholly within the Commonwealth of Puerto Rico"). Accordingly, the Court is unpersuaded by defendant Greaux's argument pertaining to the purported inapplicability of Beach and Crespo.

Moreover, defendant contends that intra-Commonwealth transportation of minors is beyond the scope of section 2423 because "[w]ith the advent of its Commonwealth status in 1952, Puerto Rico ceased to exist as a mere territory or possession of the U.S." (Docket No. 23 at p. 8.) The Court need not define Puerto Rico's relationship with the United States to rule on the merits of the pending motion. Section 2423 specifically prohibits

the transportation of minors to engage in sexual activity "in any **commonwealth**." 18. U.S.C. 2423(a) (emphasis added). Defendant provides no authority negating well-established precedent that Puerto Rico is a commonwealth for purposes of section 2423. See United States v, Cotto-Flores, Case No. 16-206, 2016 U.S. Dist. LEXIS 139777, *7 (D.P.R. Oct. 5, 2016) (Dominguez, J.) (denying motion to dismiss section 2423 counts concerning transportation occurring entirely within Puerto Rico because "Congress' decision to have Section 2423(a) [apply] to commonwealths, such as Puerto Rico, defeats Defendant's argument"). To the extent that defendant has invited the Court to weigh in on the political status of Puerto Rico, the Court declines to do so. The Court need not define the status of Puerto Rico *vis-à-vis* the United States to rule on the motion to dismiss. Consequently, the Court rejects defendant Greaux's assertion that "Puerto Rico is a state for purposes of 18 U.S.C. § 2423."[3] (Docket No. 23, at p. 8.)

Additionally, defendant Greaux sets forth an equal protection argument, claiming that "it will be far easier for the Government

---

[3] In its response the motion to dismiss, the government disputes the defendants' assertions regarding the status of Puerto Rico, addressing the merits and applicability of Maldonado-Burgos and Cordova & Simonpierti Ins. Agency Inc. v. Chase Manhattan Bank N.A., a case in which the First Circuit Court of Appeals considered Puerto Rico a state for purposes of the Sherman Antitrust Act. (Docket No. 51.) The Court reiterates that these decisions are inapposite, and that it need not define Puerto Rico's relationship with the United States to rule on the merits of the pending motion.

to prosecute and convict Puerto Rico residents, as opposed to mainland residents, which [*sic*] need to cross state lines in order to even be charged with [section 2423]." (Docket No. 23 at p. 14.) The Equal Protection Clause of the Fourteenth Amendment "contemplates that similarly situated persons are to receive substantially similar treatment from their government." Tapalian v. Tusino, 377 F.3d 1, 5 (1st Cir. 2004). To prevail on an equal protection claim, defendant Greaux must demonstrate that "compared to others similarly situated, [he] was selectively treated [. . .] based on impermissible consideration." Barrington Cove, LP v. R.I. Hous. & Mortg. Fin. Corp., 246 F.3d 1, 7 (1st Cir. 2001). Furthermore, a necessary element in an equal protection claim is proof of intent to discriminate. Rivera v. Puerto Rico Aqueduct & Sewers Auth., 331 F.3d 183, 192 (1st Cir. 2003). Defendant Greaux bears the burden of "proving the existence of purposeful discrimination." United States v. Lewis, 40 F.3d 1325, 1345 (1st Cir. 1994).

In a perfunctory manner, defendant Greaux concludes that Puerto Rico residents are discriminated against because "they are treated unequally as compared to the citizens of the States." (Docket No. 29 at p. 14.) Identical attempts to invalidate section 2423 pursuant to the Equal Protection Clause have proven unsuccessful. See Cotto-Flores, 2016 U.S. Dist. LEXIS 139777 *8

(D.P.R. 2016) (Dominguez, J.) (rejecting defendant's motion to dismiss section 2423 counts concerning intra-Commonwealth transportation pursuant to the Equal Protection Clause). Defendant Greaux fails to address whether Congress intended to discriminate against residents of Puerto Rico, let alone that defendant was treated differently based on an impermissible consideration. In sum, the Court finds that defendant Greaux's argument regarding the Equal Protection Clause and section 2423 is meritless.

Lastly, the Court rejects defendant Greaux's contention that section 2423 is unconstitutional because the phrase "in any commonwealth" is vague and ambiguous. The statutory language is clear: Section 2423 prohibits the intra-Commonwealth transportation of minors to engage in sexual activity. Cotto-Flores, 2016 U.S. Dist. LEXIS 139777, at *7 (Section 2423 is facially unambiguous, setting forth the "criminalization of the transportation of minors **within a commonwealth** of the United States for the purposes of engaging in sexual acts.") (emphasis added).

In sum, the Court is unpersuaded by defendant's argument that section 2423 is ambiguous and vague.[4]

**IV. Conclusion**

For the foregoing reasons, the motion to dismiss count three for failure to allege an offense, Docket No. 23, is **DENIED**.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, June 5, 2017.

> s/ Francisco A. Besosa
> FRANCISCO A. BESOSA
> UNITED STATES DISTRICT JUDGE

---

[4] Defendant refers briefly to United States v. Sanchez-Valle, in which the Supreme Court ruled that Puerto Rico and the United States are not dual sovereigns for purposes of the double jeopardy clause because the ultimate source of Puerto Rico's prosecutorial authority is the federal government. Docket No. 23 at p. 22 (citing to 136 S. Ct. 1863 (2016)). Essentially, Sanchez Valle addressed the relationship between Puerto Rico and the United States; it had nothing whatsoever to do with whether the intra-Commonwealth transportation of minors to engage in sexual acts violates section 2423. Consequently, the Court concludes that defendant Greaux's reliance on Sanchez Valle is misplaced.