# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff**,

        v.

ALEXANDER GREAUX-GÓMEZ,

    **Defendant**.

**Criminal No.** 17-149 (FAB)

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court is the United States' motion *in limine* requesting that the Court prohibit defendant Alexander Greaux-Gómez ("Greaux") from:

> arguing or presenting evidence at trial that: a) the minor victim was in any way predisposed to sexual activity; b) the minor victim somehow consented to engaging in the sexual conduct for which someone could be charged with a crime; and c) if convicted, the defendant faces a mandatory minimum sentence, pursuant to Title 18, United States Code, Sections 2251(a), 2422(b), and 2423(a).

(Docket No. 89 at p. 1.) Greaux opposed the United States' motion, contending that "[n]one of [the cases cited by the United States] belongs to the First Circuit and none of those cases holds that when facing the present charges a defendant cannot elicit evidence of consent." (Docket No. 106 at p. 1.)

First, Greaux shall not present any evidence that contravenes Federal Rule of Evidence 412 ("Rule 412"). Rule 412 provides that "[e]vidence offered to prove that any alleged victim engaged in other sexual behavior" and "[e]vidence offered to prove any alleged victim's sexual predisposition" is inadmissible. Fed. R. Crim. P. 412(a)(1)-(2). Accordingly, Greaux is prohibited from arguing or presenting evidence at trial that the minor victim was in any way predisposed to sexual activity.

Second, Greaux shall not present any evidence as to the minor victim's legally unrecognizable consent because consent is not a defense to violations pursuant to 18 U.S.C. sections 2251(a), 2422(b), and 2423(a). See, e.g., United States v. Raplinger, 555 F.3d 687, 692 (8th Cir. 2009) (affirming the district court's exclusion of consent evidence as irrelevant in a prosecution pursuant to 18 U.S.C. § 2251(a)); United States v. Totoro, No. 15-291, 2017 WL 3189216, at *14 (E.D. Pa. July 27, 2017) ("[B]ecause evidence of the alleged victim's consent to being sexually exploited is not a defense to a § 2422(b) or § 2251(a) charge, such evidence is not admissible pursuant to Rule 412(b)(1)(B) or any other exception."); United States v. Montijo-Maysonet, 299 F. Supp. 3d 366, 368-69 (D.P.R. 2018) (Besosa, J.) (prohibiting the defendant from presenting evidence at trial pertaining to the victims' consent because "[e]vidence of the victims' legally

unrecognizable consent is . . . irrelevant" in a prosecution pursuant to 18 U.S.C. 2423(a)).

Finally, Greaux shall not inform the jury in any way as to Greaux's possibility of receiving a mandatory minimum sentence if convicted of any charge. See United States v. Shannon, 512 U.S. 573, 579 (1994).

Greaux's argument regarding case law outside the First Circuit Court of Appeals in inapposite. The Court may rely on binding and persuasive authorities in resolving matters before the Court.

Accordingly, the United States' motion *in limine* is **GRANTED**. (Docket No. 89.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 17, 2019.

> s/ Francisco A. Besosa
> FRANCISCO A. BESOSA
> UNITED STATES DISTRICT JUDGE